IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| WALTER V. RODENHURST, III, #A0137543, | ) ) ) | CIVIL NO. 08-00379 SOM-BMK<br>CIVIL NO. 08-00380 SOM-LEK<br>CIVIL NO. 08-00381 SOM-BMK |
| Petitioner, | ) ) | CIVIL NO. 08-00382 SOM-BMK |
| vs. | ) ) | |
| KAY A. BAUMAN, MD, CLAYTON FRANK, et al., STATE OF HAWAII, | ) ) ) ) | ORDER DISMISSING PETITIONS AND DENYING IN FORMA PAUPERIS APPLICATIONS |
| Respondents. | ) ) | |

## ORDER DISMISSING PETITIONS AND DENYING IN FORMA PAUPERIS APPLICATIONS

On August 21, 2008, Petitioner Walter V. Rodenhurst, III, submitted four separate petitions for writ of habeas corpus under 28 U.S.C. § 2254, each with an application to proceed *in forma pauperis*. Petitioner is a Hawaii prisoner incarcerated at the Saguaro Correctional Center, located in Eloy, Arizona. The Petitions are DISMISSED for failure to state a cognizable claim under 28 U.S.C. § 2254, without prejudice to the refiling of claims in a civil rights complaint under 42 U.S.C. § 1983. Petitioner's *in forma pauperis* applications are DENIED.

Although the six grounds in each petition are identical, Petitioner has carefully set forth a separate conviction in each petition, and seeks release from confinement

as his sole claim for relief, indicating that he specifically intends his claims to be brought under habeas jurisdiction.[1] Petitioner alleges that prison officials in Hawaii, Oklahoma, and Arizona have denied him a medically required diet since 2002. It is therefore clear that Petitioner is challenging the conditions, and not the validity, of his confinement. While his claims may have merit in another context, the relief available through a petition for habeas corpus does not extend to the claims he presents in these petitions. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside" the core of habeas corpus). Any challenge Petitioner may have to his *conviction or sentence* is properly brought as a habeas corpus claim under § 2254, but Petitioner's plea for injunctive relief (in the form of release from confinement), based on his claims relating to the conditions of his confinement is not.

> Federal law opens two main avenues of relief on
> complaints related to imprisonment: a petition for
> habeas corpus, 28 U.S.C. § 2254, and a complaint under
> . . . 42 U.S.C. § 1983.  Challenges to the validity of
> any confinement . . . are the province of habeas
> corpus[;] . . . requests for relief turning on

---

[1] Petitioner challenges his convictions or sentences in Cr. Nos. 00-1-0457, 03-1-0343, 99-0229, and 01-1-0943, to which he pled nolo contendere, was sentenced to between five and ten years incarceration, and has never filed any appeal or state petition for post-conviction relief.

>      circumstances of confinement may be presented in a §
>      1983 claim.

*Muhammad v. Close*, 540 U.S. 749, 749 (2004).

As Petitioner is challenging events relating to the conditions, not the validity, of his confinement, his allegations might be actionable under 42 U.S.C. § 1983, but are not under § 2254.  *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Petitioner's four § 2254 petitions, Civil Nos. 08-00379 SOM, 08-00380 SOM, 08-00381 SOM, and 08-00382 SOM, are **DISMISSED** for failure to allege grounds that would entitle him to habeas relief.  This dismissal is without prejudice to Petitioner's raising of claims under 42 U.S.C. § 1983 in civil rights actions in which he either pays the filing fee or files a completed application for leave to proceed in forma pauperis.[2]  In light of this dismissal, the applications for leave to proceed *in forma pauperis* are **DENIED**.

---

[2] The court recognizes that it could construe the petitions as civil rights complaints.  *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971).  It is not clear, however, whether this is a result Petitioner would seek, as he would then be subject to payment of four $350 filing fees.  *See* 28 U.S.C. § 1915(b)(1). The court leaves the decision to Petitioner.

The Clerk is instructed to send Petitioner a prisoner civil rights complaint, *in forma pauperis* application, and instructions, so that he may refile his claims in a civil rights action if that is his desire.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 22, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Rodenhurst v. Bauman, et al.*, CIV. NO. 08-00379 SOM, CIV. NO. 08-00380 SOM, CIV. NO. 08-00381 SOM, CIV. NO. 08-00382 SOM; ORDER DISMISSING PETITIONS AND DENYING IN FORMA PAUPERIS APPLICATIONS; dmp/Habeas 08/Rodenhurst 08-379, 380, 381, 382 SOM (dsm pets (not habeas, but civ. rts compls.)).wpd